THE STATE, JACOB P. MEDAY ET AL., PROSECUTORS, v. THE MAYOR, &c., OF RUTHERFORD, DEFENDANTS.

1. Under "An act for the formation of borough governments" (*Pamph. L.* 1887, *p.* 126), where the improvement of a public highway has been inaugurated by ordinance, a change in grade may be lawfully effected by a resolution.

2. Where a public improvement has been fully completed, a *certiorari* attacking the preliminary proceedings comes too late.

On *certiorari.*

Argued at February Term, 1890, before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutors, *Copeland & Luce.*

For the defendants, *Luther Shafer.*

The opinion of the court was delivered by

GARRISON, J. This *certiorari* brings up proceedings assessing the prosecutors for certain benefits incident to the grading of Passaic avenue, in the borough of Rutherford. The prosecutors do not complain of the entire assessment, but only of so much thereof as was done under a resolution of the municipal council, passed after the completion of the work originally authorized by ordinance. From the return it appears that the borough authorities, having acquired jurisdiction by a petition of landowners, passed an ordinance authorizing the grading of Passaic avenue according to the grade established by a certain map. When the work thus authorized had been completed, it was, after several public meetings, deemed necessary to raise the grade at certain points on said avenue. A resolution to this effect was passed and the work was accordingly done. The mayor and council accepted the work as a whole, and appointed commissioners to assess benefits, from whose assessment this writ is an appeal. The contention of

the prosecutors narrows itself to this, that when the work specified by the ordinance was completed, the jurisdiction of the municipality in the premises was at an end, and that the work done under the subsequent resolution was without warrant of law.

The proceedings above outlined are under a supplement to "An act for the formation of borough governments" (*Pamph. L.* 1887, *p.* 126). This supplement provides that improvements of the sort under consideration shall be instituted by ordinance. Section 3 of this supplement is in these words: "That after the passage of such ordinance, any and all further acts and proceedings necessary to complete the improvement contemplated by section 1 hereof shall be by resolution." This language is so plain that its application to the present case leaves no ground for argument. The insistment, that the matters referred to in this section are such only as concern the ascertainment of benefits and the collection thereof, could only be sustained by ignoring terms employed by the legislature. The matter to be completed by resolution, when necessary, is the improvement contemplated by the ordinance. By the scheme of the statute, this improvement is to be finished before the appointment of commissioners. It is evident, therefore, that the matter intended by the third section of the act is one which has arisen as incidental to the improvement itself. A reasonable interpretation would be, that where the municipal council had, by ordinance, acquired jurisdiction to improve a highway, any matter germain thereto and necessary to effectuate the object for which the ordinance was passed might be authorized by resolution. No more apt illustration of the reasonableness of this view can be found than the present case. The ordinance provided for the improvement of a certain avenue by raising its grade. Pending the work, it was ascertained that the grade established was inadequate at certain points to secure the object for which the ordinance was passed. To reform the grade at these points was an act germain to the subject, over which municipal jurisdiction had been acquired, and one necessary to obtain the objects contem—

plated by the ordinance. Such a proceeding is, we think, clearly within the purview of section 3 of the act in question.

A further and a complete answer to the prosecutors' objections is, that the portion of the work done under the resolution was permitted to be finished before the application of this writ of *certiorari*. The publicity which attended the authorization of the change of grade, after the completion of the contract entered into under the original ordinance, make it evident that the prosecutors stood by during the completion of the improvement to which they now seek to object. Under such circumstances, a writ of *certiorari* comes too late.

The prosecutors' writ is dismissed, with costs.